UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| USA, | |
|---|---|
| Plaintiff, | Case No. 13-cr-00764-WHO-1 |
| v. | **ORDER REGARDING SCOPE OF PROTECTIVE ORDER** |
| ALFONZO WILLIAMS, | Re: Dkt. Nos. 91, 96, 97, and 99 |
| Defendant. | |

This Order considers the information that should be subject to a protective order in this multi-defendant criminal matter alleging, among other counts, a RICO conspiracy, and the procedures that are appropriate to effectuate the protective order.

The Indictment in this case was filed on November 21, 2013, and the Superseding Indictment was filed on January 9, 2014. The government is withholding the production of discovery pending agreement on a protective order. Unable to agree on two discrete issues of procedure after negotiating the majority of a proposed protective order, the government and defendants briefed their disagreement. After the government had responded to defendants' argument in accordance with the schedule set by the Court, defendant Williams filed a separate set of objections that also questioned the definition of the materials to be covered by the protective order.[1] Because discovery was delayed by the initial disagreement, and because it is important that the discovery be produced expeditiously, I allowed defendant Williams's objections to be filed and argued on May 8, 2014, along with the fully briefed issues previously set for argument on that date.

---

[1] Defendant Williams's late filing is disfavored and should be avoided in the future.

1       Having considered the briefs and arguments of counsel, I make the following rulings and
2  observations:
3   1. The government is prepared to produce 8 terabytes of data to the defendants. From the
4      discussion in court, it appears that there are three categories of information that the
5      government is ready to disclose: documents, audio recordings and pole camera videos.
6      The latter two categories comprise roughly 7 of the 8 terabytes of data to be disclosed. The
7      government wishes to release all of the data as "Subject Material" so that all of it is subject
8      to a protective order. The government represented that it is prepared to do so as soon as a
9      protective order is entered.
10  2. The government is properly concerned for the safety of witnesses and has redacted
11      documents which would lead to the discovery of the identity of those witnesses. It has not
12      otherwise attempted to segregate records that it considers confidential. It has not
13      differentiated between those documents that have always been protected and those that
14      were previously produced in state court prosecutions or were otherwise publicly available
15      or not confidential.
16  3. The government is concerned that defense counsel or their teams in previous cases have
17      leaked or inadvertently mishandled documents that were subject to other protective orders.
18      Accordingly, it proposed a procedure that, among other things, requires defense counsel to
19      file a log with the Court that lists the identities of the people who received documents and
20      which documents were received, and to update the log within two weeks of any additional
21      disclosures. This procedure would allow the government to make *ex parte* applications
22      under seal to review the logs if the government believed a leak had occurred. The
23      protective order proposed by the government also includes a provision that requires a
24      representative of the defense team to sit with a defendant while he or she reviews the
25      "Subject Materials."
26  4. The government's proposed procedure regarding the log is REJECTED. As defendants
27      argued, the log includes attorney work product information, such as the identity of experts
28      who might or might not later be witnesses at trial. The government could learn about the

1  defendants' strategy in advance of trial by knowing which experts had been retained. In
2  the event an expert was not subsequently called to testify, the government might well
3  discover fertile areas of cross-examination by knowing the type of expert defendants
4  decided not to use. As one judge explained in a civil case, "[a] lawyer's decisions about
5  which people to use in confidence for which purposes in preparing a case for trial is as
6  central to lawyering strategy as one can get." *In re Pizza Time Theatre Sec. Litig.*, 113
7  F.R.D. 94, 98 (N.D. Cal. 1986) (also stating that "a solid argument could be advanced that
8  decisions by lawyers about which people to use for confidential pretrial consultation fall
9  into that almost sacrosanct category recognized in the last sentence of the first paragraph of
10  Rule 26(b)(3), namely 'the mental impressions, conclusions, opinions, or legal theories of
11  an attorney.'").

5. The materials covered by the protective order are also a matter of concern. With respect to documents, as a general proposition "Subject Materials" should not include any that have been previously produced or are otherwise publicly available unless they were subject to a protective order in another matter. *Cf Seattle Times Co. v. U.S. Dist. Court for W. Dist. of Washington*, 845 F.2d 1513, 1516 (9th Cir. 1988) (noting "presumption that the public and press have a right of access to criminal proceedings and documents").

6. At the hearing on May 8, 2014, the defendants explained that some of the documents that the government is expected to produce from the state court proceedings were Bates-numbered in those proceedings, some were not, and some were subject to a protective order. Since the government has not previously segregated those documents, as might have been expected, and since I want the discovery delivered expeditiously, I ORDER that the government deliver forthwith the discovery it has to the defendants' discovery coordinator, subject to the Initial Protective Order that accompanies this Order. The defendants' discovery coordinator may notify the government on a periodic basis, not more often than once every seven days, of the documents that have been previously produced (unless they were subject to a protective order in another matter), were otherwise publicly available, or for any reason should not be subject to the Initial Protective Order in this

3

1  case. The government shall respond within seven days to each notification. If there is a
2  disagreement, the defendants shall designate one counsel to meet and confer in person with
3  the government. Lacking agreement, the parties shall file with me a joint letter of five
4  pages or less explaining the disagreement and attaching the document(s). As the
5  determination of whether a document has been previously produced or is publicly available
6  is subject to verification, it is my expectation that the parties will not find reason to
7  disagree.

8  7. Typically, it is the producing party's obligation to identify any documents it believes
9  should be protected. The procedure adopted here shifts the burden from the government to
10 identify documents that should be protected to the defendants to identify documents that
11 should not be protected. The government asserted that discovery would be delayed by a
12 couple of additional months if it was required now to separate the privileged from non-
13 privileged documents. Further delay is untenable. The procedure described above should
14 not be onerous on defense counsel, since they will be reviewing the documents once they
15 are produced and should be able to readily identify documents that should not be protected.

16 8. The audio and video recordings raise separate issues. To require a CJA-funded
17 representative of the defense team to sit with a defendant during the review of 7 terabytes
18 of audio and video recordings in the manner contemplated by the proposed protective order
19 would cost a substantial sum. Given the amount of time that defense counsel realistically
20 would have access to their client in jail, the proposed procedure would substantially delay
21 the preparation of this case for trial. Moreover, it is unclear why the audio wiretap
22 recordings or the pole cam videos are entitled to protection as "Subject Materials." To the
23 extent there is information on the recordings that should be protected, it is also unclear
24 how it would remain protected once a defendant has reviewed it. I understand that the jails
25 may allow defendants to keep MP3 Players in their cells to listen to audio tapes. In light of
26 the cost of the government's proposed protocol, its potential overbreadth and its seeming
27 lack of efficacy, if the government contends that some portions of the audio and video
28 recordings should continue to be maintained as "Subject Materials" it shall file a motion to

do so on or before June 12, 2014 identifying specifically what should be protected. The defendants may file a consolidated response by June 26, 2014, the government may reply by July 3, 2014 and I will hear argument on July 10, 2014 at 1:30 p.m. Absent such a motion, the audio and video recordings will not be "Subject Materials" as of July 10, 2014.

9. The defendants will not be required to destroy "Subject Materials" until the end of post-conviction proceedings or other resolution of this matter. The government will not be prohibited from making *ex parte* filings regarding allegations of witness safety, recognizing that *ex parte* filings should be very rare occurrences.

10. The government, representatives from the defendants, appropriate personnel from the jail(s) housing the defendants, a representative from the Marshal's office, and CJA Supervising Attorney Cari Waters shall meet within the next week to discuss methods to allow the defendants access to the surveillance tapes and other "Subject Materials" without the need for a CJA-paid individual to sit with the defendants during review. Ms. Waters shall report to me as appropriate on the status of this discussion.

11. The accompanying Initial Protective Order incorporates the provisions to which the parties have agreed, modified by the determinations outlined in this Order. I will revise the Initial Protective Order by stipulation of counsel, upon motion, or on my own motion as appropriate.

**IT IS SO ORDERED**.

Dated: May 13, 2014

WILLIAM H. ORRICK
United States District Judge