HEATHER HARDWICK, SBN 232627
Attorney at Law
P.O. BOX  22854
Oakland, CA  94609
Tel. (415) 407-6262
heather.hardwick@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )   CR-13-0764 WHO |
| Plaintiff, | ) |
| | ) |
| v. | )   EX PARTE REPORT OF THE |
| | )   COORDINATING DISCOVERY |
| | )   ATTORNEY FOR JULY 2014 |
| ALFONZO WILLIAMS, et. al., | ) |
| Defendant. | ) |

## INTRODUCTION

The undersigned, Heather Hardwick, the court appointed Coordinating Discovery Attorney
("CDA"), hereby provides the status of the discovery received from the government to date.
Additionally, the issues the defense has encountered in receiving government productions are
outlined, as well as recommendations to improve future discovery productions and
communication with AUSA William Frentzen and his litigation and technical staff.

## STATUS OF THE DISCOVERY

On December 20, 2013, the government produced two discs to counsel for Alfonzo Williams,
Antonio Gilton, Barry Gilton, and Lupe Mercado.  The discs contained Bates BG000001 –

*EX PARTE REPORT OF THE COORDINATING DISCOVERY ATTORNEY
FOR JULY 2014 - PAGE 1*

BG000364 and BG000366, which consisted of audio recordings of calls and messages to and from SFPD and Barry Gilton and Eric Safire, photographs taken at various locations, photographs from the Medical Examiner's Office, recordings of jail calls placed by Lupe Mercado, videos from MUNI lines, other unidentified videos and still images from those videos, and T-Mobile subscriber information and cell site records for five different telephone numbers.

On December 23, 2013, the government produced one disc containing Bates BG000367 – BG000732 to counsel for Alfonzo Williams, Antonio Gilton, Barry Gilton, and Lupe Mercado. The December 23, 2013 production included audio recordings with Sunrise Rental Car regarding Calvin Sneed's car rental on June 15, 2012, audio recordings of calls and messages between SFPD and Eric Safire, recordings of jail calls placed by Lupe Mercado, Antonio Gilton, Alfonzo Williams, Barry Gilton, and others, audio recordings of radio communications between officers on July 4, 2012, video recordings in the vicinity of 978 LeConte, various forensic photographs, audio recordings of an interview of LAPD Officer John Flores, an interview of an Embassy Suites LAX employee, and T-Mobile Subscriber and call detail records for Calvin Sneed's phone number.

On May 14, 2014, the government produced fifty-six discs and five hard drives, and lodged the material at Colour Drop for distribution to defense counsel.  Upon initial inspection, the discovery was returned to the government due to various problems to be identified in section A below.

On May 23, 2014, the government produced a set of discovery, which consisted of twenty discs and five hard drives lodged at Colour Drop for distribution to defense counsel.  The May 23, 2014 production includes the following:

- Audio recording of phone call to Barry Gilton by SFPD on 6/4/12 (Bates BG000001),
- Audio recording of phone call to Barry Gilton by SFPD on 6/4/12 (BG000002),
- Audio recording of phone call to Barry Gilton by SFPD on 6/4/12 (BG000003),

- Audio recording of phone message left by Barry Gilton to SFPD on 6/4/12 (BG000004),
- Audio recording of phone call to Barry Gilton by SFPD on 6/4/12 (BG00005),
- Photographs taken at gas station (BG000006 – BG000018),
- Photographs taken by Medical Examiner's Office (BG000019 – BG000087),
- Photographs from Search of 1458 Grove Street (BG000088 – BG000246),
- Photographs from Search of 1458 Grove Street (BG000247 – BG000263),
- Audio recording of phone message left by Eric Safire on 7/4/12 (BG000264),
- Photographs taken at LeConte and Meade on 6/4/12 (BG000265 – Bg000345),
- Audio recordings of jail calls placed by Lupe Mercado (BG000346),
- Videos of Muni Lines from 6/4/12 (BG000347),
- Videos and Fifteen (15) still images from the videos (BG000348 – BG000364),
- Download of Alfonzo Williams' cell phone (BG000365),
- T-Mobile subscriber, call detail, and cell site records for telephone # (415) 671-5638, (619) 623-1328, (310) 402-6182, (415) 531-9414 and (415) 425-3279 (BG000366),
- Audio recordings with Sunrise rental car co. on 6/15/12 (BG000367 – BG000368),
- Audio recordings between SFPD and Eric Safire on 6/4/12 (BG0000369 – BG000371),
- Jail Call Recordings (BG000372),
- Audio recordings of phone message left by Eric Safire to SFPD on 6/9/12 (BG000373),
- Jail Call Recordings (BG000374),
- Audio Recordings of radio communications between officers (BG000375 – BG000380),
- Jail Call Recordings (BG000381),
- Jail Call Recordings (BG000382),
- Jail Call Recordings (BG000383),
- Video recordings in the vicinity of 978 LeConte (BG000384 – BG000386),
- Forensic Photos of blue Toyota drive by Calvin Sneed (BG000387 – BG000463),

- Forensic Photos taken on 6/9/12 of 35 Jennings Court (BG000464 – BG000586),

- Forensic Photos of blue Toyota driven by Calvin Sneed (BG000587 – BG000688),

- Forensic Photos taken of grey Lincoln and grey Chevy Impala (BG000689 – BG000728),

- Audio Recording of Interview of LAPD Officer John Flores (BG000729),

- Audio Recordings of Interview of Embassy Suites LAX employee (BG000730 – BG000731),

- Call Detail records for T-Mobile phone (619) 623-1328, Calvin Sneed (BG 000732),

- Video recording of interview of Barry Gilton (BG000733),

- Video recording of detention of Barry Gilton (BG000734),

- Video recording of interview of Lupe Mercado (BG000735),

- Video recording of detention of Lupe Mercado (BG000736),

- Video recording of detention of Barry Gilton and Lupe Mercado (BG000737),

- Video recording of 900 Block of Le Conte (BG000738 – 740),

- MUNI video(s) (BG000741),

- Video recording of interview of Antonio Gilton (BG000742),

- Video recording of interview of Alfonzo Williams (BG000743),

- Video and images from Calvin Sneed Nokia, phone number (213) 284-2185 (BG000744),

- Video of execution of search warrant at 35 Jennings Court (BG000745)

- Videos from 900 Block of Le Conte (BG000746),

- Videos of pole camera videos at Grove Street (BG000747 – 749),

- Cell Brite Exam / Report (BG000750),

- HTC My Touch T-Mobile Cell Phone (BG000751),

- JTAG, Det. Perry Kuhl, Santa Barbara Co. Sheriff's Office  (BG000752),

- SFPD Chron & Miscellaneous and Cellbrite Exam / report (BG000753 – 831),

- Documents and transcripts of interviews/calls (BG000832 – BG003688),
- SFPD reports (BG003689 – BG008999), and
- Four hard drives containing pole cams videos (BG009000 – BG009003).

On June 17, 2014, the government produced one disc containing the discovery from the *U.S. v. Robeson* case (PR000001 – PR000330, PR000220, PR000255-001 – 034, PR000325-001 – 033, PR000328-001 – 205, PR000331-001 – 933, PR000332-001 – 046, PR000333-001 – 018). After numerous problems with the June 17, 2014 production, the government provided a finalized working version on June 25, 2014.[1]

## DISCOVERY ISSUES AND RECOMMENDATIONS BY THE CDA

### A. Technical Issues with Government Discovery Productions

The recent productions to all defense counsel have had numerous technical issues. The problems have been resolved, but it is important for the government to review the materials and test the productions before lodging the discovery at Colour Drop.

The May 14, 2014 production had so many problems Coordinating Defense Attorney, Blair Perilman, rejected much of the discovery. She noted that BG000832 – BG003715 and PR000001 – PR000333 did not have Bates numbers. BG003716 was an external hard drive mislabeled as pole cam data. The hard drive contained FBI files, in native format, which had not been imaged or converted to a user friendly format. Additionally, none of the documents on the mislabeled hard drive were Bates stamped. Ms. Perilman noted there was little, if any, quality control performed by the government in the discovery production.

To resolve the issues in the May 14, 2014 discovery production, the government produced a new version of the discovery on May 23, 2014. Again the defense was presented with technical issues in this production. Some of the issues presented included: video files

---

[1] On July 16, 2014, the government produced another hard drive containing BG009004 – BG077223. It is currently at Colour Drop, and the CDA has not yet picked up a copy of the discovery, not had a chance to review the contents.

*EX PARTE REPORT OF THE COORDINATING DISCOVERY ATTORNEY FOR JULY 2014 - PAGE 5*

produced from the Santa Barbara County Sheriff's Office would not run; one file removed by Norton as a security threat, and over 100 "unsupported or excluded" file types, which will not open.  The government agreed to look into the problem with the file from the Santa Barbara County Sheriff's Office.  They provided a working version of the file removed by Norton.  As to the "unsupported or excluded" file types, they indicated the defense should merely ignore them.

The June 17, 2014 production of the *U.S. v. Robeson* discovery also contained many problems.  The first production of the materials was not converted to pdf files.  The government provided a new copy of the discovery converted pdf files on June 18, 2014.  A number of the files provided were too large to run.  In trying to review the files, the computer would crash.  It was impossible to copy the files from the CD to a computer or hard drive.  Eventually after much back and forth, the government broke all the files down into smaller documents, which can be opened and copied.  Rather than reviewing the documents and selecting logical places to break up the documents, the government merely broke the files into 250 page chunks.  Because the files are created as random 250 page documents, the defense will have to review the files, and create logical document breaks within the pdf files, a time consuming task, which could have been avoided had the government done this in the first instance.

The defense has yet to receive the hard drive containing FBI files, which was initially mislabeled pole cam data (BG003716) in the May 14, 2014 production.

**B.  A Discovery Table of Contents and Timeline is Necessary to Expedite the Review and Forecast Budgeting for the Defense**

The entire contents and volume of the discovery is still unknown to the defense.  The CDA emailed the government requesting a timeline of the discovery, including both volume and contents on the case to properly forecast a budget.  The ESI protocol suggests that a table of contents of the discovery be created by the producing party, which in turn can, "help expedite the opposing party's review of discovery, promote early settlement, and avoid discovery disputes,

unnecessary expense, and undue delay." (ESI Protocol, Strategies, Page 2 referring to *U.S. v. Skilling*, 554 F.3d 529, 577 (5th Cir. 2009) (no Brady violation where government disclosed several hundred million page database with searchable files and produced set of hot documents and indices). The table of contents should include the types of documents expected to be produced (police reports, wiretap recordings, FBI reports) and the types of files (i.e., pdf, wav, jpg).

Thus, it is recommended that the AUSA provide a table of contents, which outlines the types of documents or other data to be produced, so the defense can properly forecast expenditures on the case and prepare a proper storage and dissemination method for the discovery.

In addition, the defense has experienced numerous delays in discovery productions due to the technical issues explained above. The defense requests a realistic and accurate projection of when to expect productions. Without a timeline for production, it is impossible to budget or develop a plan to disseminate and store the discovery. For example, knowing when and how much discovery will be produced, will allow us to estimate the number of paralegals necessary to adequately review and index the discovery.

**C. The AUSA Should be Required to Produce PDF Documents, which Are Properly Unitized**

Many of the documents provided in the May 23, 2014 and the June 17, 2014 productions by the government were not properly unitized. The ESI protocol states the pdf files produced should be unitized (i.e., contain logical document breaks) (ESI Protocol, Strategies, Page 7). For example, receiving a 300 page pdf file that contains multiple documents is difficult to review and index. The June 17, 2014 production of the *U.S. v. Robeson* materials contained many examples of documents merged into one pdf file with random breaks. In sum, the defense requests the government provide properly unitized pdf files.

## CONCLUSION

The defense respectfully requests the Court to require the AUSA to 1) perform a quality control review of the discovery to confirm all files are of reasonable sizes to be reviewed and

copied before lodging the discovery at Colour Drop, 2) provide a table of contents of the

discovery and a timeline of production, and 3) produce the pdf documents with proper

unitization.

DATED:  July 16, 2014                    Respectfully submitted,


                                         _____
                                                 /s/
                                         HEATHER HARDWICK
                                         Coordinating Discovery Attorney

*EX PARTE REPORT OF THE COORDINATING DISCOVERY ATTORNEY*
*FOR JULY 2014 - PAGE 8*