UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>ALFONZO WILLIAMS,<br>    Defendant. | Case No. 13-cr-00764-WHO-1<br><br>**ORDER GRANTING DEFENDANT ELMORE'S MOTION TO COMPEL PRODUCTION OF SUBPOENA RETURNS**<br><br>Re: Dkt. No. 438 |

Defendant Elmore moves to compel the government to provide him with an unmodified set of subpoena returns from the subpoena he served on the San Francisco Police Department (SFPD) on December 30, 2014 and to enjoin the government from interfering with such returns produced in response to his Rule 17(c) subpoenas. Dkt. No. 438. In this instance, *after* SFPD attempted to respond to the subpoena, the government redacted the name of one witness on one page of the returns before producing it to the defendant, consistent with its practice of redacting all witness names from the discovery it produces because of witness safety concerns. The government offered no authority, in its opposition or at the hearing, for doing so.[1] It offered no explanation why the particular witness whose name was redacted would be at risk.

I have reviewed the page in question and the returns as filed in Exhibit A to the Opposition (Dkt. No. 443) and find nothing that indicates the witness would be imperiled in any way by the

---

[1] Assistant U.S. Attorney Frentzen described his frustration at the hearing with what he described as the practice of the judges in this District issuing Rule 17(c) subpoenas under seal on the grounds that the defendants need to prevent the government from discovering their defense strategies. He contended that this is not adequate grounds for issuance of a sealed subpoena and that the practice has the effect of not allowing the government to challenge third party subpoenas unless a third party contacts the government first, as law enforcement agencies frequently do. If this is a problem that should be addressed in this case, the government may wish to file a noticed motion so that I can review both sides' positions and the pertinent authority on this subject.

1  disclosure. Accordingly, I GRANT Elmore's motion and ORDER that BG84850, and any other
2  page that the government may have redacted (as opposed to pages that the SFPD redacted), be
3  delivered to Elmore in its originally produced form. If the government contends that the
4  production should occur pursuant to the Initial Protective Order, Dkt. No. 104, or Heightened
5  Protective Order, Dkt. No. 209, it may temporarily produce it pursuant to one of those orders. If
6  there is disagreement, the parties shall meet and confer prior to bringing any dispute to my
7  attention.

The government is not prohibited from discussing third party subpoenas or reviewing third party subpoena returns with third parties prior to production. Indeed, as counsel for Elmore conceded at hearing, that practice is expected, albeit unhappily, by defendants. But the government cannot on the one hand assert that SFPD is not its agent for purposes of *Brady* material and discovery in general, and on the other intercept or modify returns once SFPD produces, or attempts to produce, them to a defendant or the Court. This appears to have been an anomalous situation and it is not clear that this has happened before or that it is contemplated in the future. But to be clear, because no authority has been provided that supports any interference with Rule 17(c) subpoenas that have been returned to the Court or the requesting party, the government is enjoined from doing so.[2]

**IT IS SO ORDERED**.

Dated: September 1, 2015

WILLIAM H. ORRICK
United States District Judge

---

[2] It appears that the SFPD intended to lodge a copy of its subpoena return directly with the Court in April 2015, along with copies for Elmore and the government, but that it inadvertently did not lodge a copy with the Court until July 30, 2015. The Court is in possession of a return dated August 6, 2015, the same day Elmore's motion was filed. If the SFPD lodged a subpoena return with the Court before then, it never made it to my chambers.

2