UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. REGINALD ELMORE, Defendant. | Case No. 13-cr-00764-WHO-1 **ORDER DENYING RELEASE FROM CUSTODY AND DENYING SEVERANCE** Re: Dkt. No. 1061 |
|---|---|

Defendant Reginald Elmore has been detained in this matter since February 28, 2014, as a result of being charged with a double murder, RICO conspiracy and other crimes. He has been in custody since May 15, 2013, for violating the terms of supervised release from an earlier conviction. The trial in this case, originally set for March 21, 2016, has been delayed because of two pending interlocutory appeals filed by the government. It is unclear when the case will be able to commence. As a result, Elmore argues that his pretrial detention is excessively prolonged in relation to the government's regulatory interests, that his continued incarceration violates due process, and that he should be released to a halfway house or alternatively have his case severed for a separate trial.

Chief Magistrate Judge Joseph C. Spero denied Elmore's motion for pretrial release on April 22, 2016. I review his detention order *de novo*. I have reviewed the briefing in this matter before Judge Spero and me (Dkt. Nos. 910, 913, 948, 954, 1061, 1070 and 1072), listened to the hearing before Judge Spero, and heard oral argument. In addition, I have considered the Pre-Bail Report prepared on October 5, 2016, and the various arguments of counsel related to Elmore's case in general during the pendency of this matter. In light of all that I have read and heard, I agree with Judge Spero's findings and analysis, and DENY Elmore's motion. Elmore's past history of serious criminal conduct and failure to follow the conditions of his prior release make

him a significant danger to the community. No combination of conditions can reasonably mitigate the risk. Further, given his past bench warrant arrest and the serious charges he faces in this case, he is a flight risk (although as the Pre-Bail Report suggests, there might be ways to address this issue if he was not a danger to the community and there were sufficient bail resources available).

Long pretrial detentions, in some circumstances, can violate the Due Process Clause of the Fifth Amendment of the Constitution of the United States. *United States v. Ailemen*, 165 F.R.D. 571, 577 (N.D. Cal, 1996). There is no bright line test to determine when a prolonged detention becomes a constitutional violation. In making that determination, courts should (i) identify the regulatory goal or goals that the detention may serve and assess the extent to which detention serves that goal or goals, (ii) consider how long the pretrial detention may last, and (iii) decide whether the length of detention outweighs the interests identified in support of detention. *Id.* at 578.

With respect to the regulatory goals served by Elmore's continued detention, I agree with Judge Spero that the government's interest is very strong. Although only 27 years old, Elmore already has an extensive criminal history filled with dangerous criminal conduct. As the government proffered to Judge Spero, and the Pre-Bail Report largely confirms, Elmore has been convicted three times for possession of a loaded weapon; in 2009, he brandished and discharged a 9 mm "Tec-9" pistol during the funeral of a rival gang member; he is charged in this case for RICO conspiracy for a pattern of racketeering, including his involvement in a double murder; [1] and, he violated the terms of supervised release for his most recent conviction, disappearing for several months and allegedly attempting to evade capture by leading the police in a dangerous high speed car chase. This all demonstrates that Elmore poses a very real danger to the public. And while it is conceivably possible, as the Pre-Bail Report suggests, that if he had significant bail

---

[1] Elmore argues, as he has in hearings on other issues, that he has received no evidence regarding his involvement in the double murders charged because the Jencks Act disclosures have not been made by the government. I have allowed the government to wait until six weeks before trial to provide those disclosures in light of the alleged danger to witnesses. The government's proffer to Judge Spero described the information provided to Elmore concerning what it believes occurred as well as the other evidence it relies upon concerning his involvement in the RICO conspiracy. The proffer supports the government's argument that Elmore's release would pose a danger to the public.

resources he might not pose a major risk of non-appearance, at present he has not offered such resources. I am mindful that a bench warrant was issued when he was on supervised release before and that he is facing charges in this case that carry potentially lengthy sentences of incarceration.

Pretrial Services does not believe that there is any combination of release conditions that could reasonably mitigate the risk that Elmore's release would pose to the public. I agree. Halfway houses cannot provide the level of security that would be demanded in this case.

With respect to the length of pretrial detention, Elmore's pretrial detention has been and will be prolonged. It began in August, 2014. It is unclear when his case will go to trial because the Ninth Circuit's continued consideration of the government's two pending interlocutory appeals of my orders on certain motions to suppress has upended the original March 21, 2016 trial date and left it in limbo. *See* Dkt. Nos. 928, 950. While I hope it is not the case, if Elmore is tried with the second group of defendants, as I currently plan, and the first trial lasts for three months, as the government once estimated, it would not be a surprise if he is still in pretrial detention in August, 2017, a full three years after his pretrial detention began. Perhaps it will be even longer until his trial starts.

I should be clear that I do not fault the government for raising issues important to it on appeal. It does not have control over the timing of the Ninth Circuit's decision-making process. But this does not absolve it of responsibility for Elmore's lengthy detention; Elmore has done nothing to exacerbate the delay in getting this case to trial. The delay results from litigation decisions made by the government.

This leaves the balancing determination: does the strength of the government's regulatory interest outweigh the clearly prolonged expected length of Elmore's pretrial detention, caused in part by the government's litigation decisions? It does. The government's regulatory interest is very strong and there is no combination of conditions that could insure the public safety in the event of Elmore's pretrial release. After considering all of the factors and evidence presented, I DENY Elmore's motion for pretrial release.

Alternatively, Elmore seeks to sever Counts Six and Seven, which relate to the double

murders, and have them tried in the near future, while the RICO part of the case remains stalled. He posits that those counts are unaffected by the interlocutory appeals and that this would ameliorate the constitutional issues caused by his prolonged detention.

While I recognize that I have discretion to order a severance of defendants or counts, I decline again to do so here. I hold in this Order that the length of Elmore's expected pretrial detention does not violate his constitutional rights, so there is no constitutional violation to ameliorate. I have addressed several motions to sever during the course of this case; the prudential considerations discussed there still apply. *See* Dkt. Nos. 120, 166, 350, 758. There is obviously no judicial economy gained in severing two counts involving two defendants and trying the defendants again with the nine other defendants (currently in two groups for trial) on the racketeering charges later. Accordingly, I DENY Elmore's motion to sever Counts Six and Seven.

**IT IS SO ORDERED**.

Dated: October 31, 2016

WILLIAM H. ORRICK
United States District Judge