UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFONZO WILLIAMS, et al.<br><br>Defendants. | Case No. 3:13-cr-00764-WHO-1<br><br>**ORDER DENYING ELMORE'S MOTION TO DISMISS UNDER THE SPEEDY TRIAL ACT**<br><br>Re: Dkt. No. 1222 |

**INTRODUCTION**

Defendant Reginald Elmore, one of eleven defendants charged in the government's August 2014 Second Superseding Indictment that includes counts of RICO conspiracy, murder in aid of racketeering, and prostitution against members of the Central Divisadero Playas (CDP), Dkt. No. 139, moves to dismiss under the Speedy Trial Act, 18. U.S.C. § 3161. Dkt. No. 1222. This is a sprawling case, including incidents over a twenty year span, that occasioned 1221 docket entries prior to the filing of Elmore's motion, a myriad of disputes over discovery, motions to suppress statements, cell phone searches, DNA and other evidence, and *Daubert* motions involving a variety of witnesses. Using my case management authority, in April 2015 I divided the defendants into two groups and set the case for trial in March 2016 and then set pretrial dates for briefing various issues and disclosing discovery that balanced the need for defendants to obtain *Jencks* and other sensitive material with the legitimate security concerns of the government for the safety of witnesses. The first of several interlocutory appeals forced delay of the trial; as soon as the initial appeals were resolved, I again set the case for trial at the earliest possible date for counsel, changing the order of trying the two groups of defendants to insure that the initial group could be tried as soon as possible.

Elmore argues that the delay in this case has been unreasonable. The delay has been long, but not unreasonably so in light of the complexity of the case and pending motions that have concerned Elmore, even if he did not join some. Not only has time been excludable as a result of those motions, but the ends of justice dooms Elmore's motion. It is DENIED.

**BACKGROUND**

Elmore made his initial appearance before Magistrate Judge Laporte on February 28, 2014. Dkt. No. 81. On August 16, 2016, Elmore asked to be released from pretrial custody, or to have the counts against him related to the double murder severed from the RICO count, since the pending interlocutory appeals did not impact those counts, because of the length of time it was taking to get to trial. Dkt. No. 1061. I denied both requests. With respect to pretrial release, I found that the government's regulatory interest was (and is) very strong, and that there was no combination of conditions that could insure the public safety. And on the severance request, I found that there was (and is) no judicial economy gained in severing two counts involving two defendants and trying defendants again with the nine other defendants on the racketeering charges later. The Ninth Circuit affirmed that decision on December 12, 2016. Dkt. No. 1104.

On April 13, 2015, after soliciting the views of counsel, I initially set the trial for March 21, 2016 and set other dates for the pre-trial schedule. Because the government filed the first of several interlocutory appeals on September 30, 2015, Dkt. No. 507, I eventually had to vacate the schedule. Once the mandate from the Ninth Circuit on one of the relevant appeals issued on February 22, 2017, Dkt. No. 1123, I re-set the trial date to October 30, 2017, the earliest date counsel for a group of defendants were available for trial. 3/27/17 Minute Order (Dkt. No. 1142); Corrected Second Order Revising Pre-trial Schedule (Dkt. No. 1157); *see also* Joint Status Report (Dkt. No. 1125)(laying out the various scheduling conflicts for what was to be the first trial group).

Elmore's motion identifies several findings of excludable time.[1] He asserts that the Court

---

[1] In 2014, the court excluded time from February 28 through March 6 (Dkt. No. 81), March 6 through April 10 (Dkt. No. 87), April 10 through May 8 (Dkt. No. 95), May 8 through July 10 (Dkt. No. 102), July 18 through September 18 (Dkt. No. 115), September 18 through October 30 (Dkt. No. 163), and October 30 through January 23, 2015 (Dkt. No. 195).

2

neither found on the record nor stated in writing that time was excluded between July 11 and July 18, 2014; February 13 and February 16, 2016; June 28 and August 17, 2016; January 12 and March 27, 2017; and May 27 and June 16, 2017. No findings of excludable time were made at the June 16, 2017 hearing, or since then. The government's Opposition points out the many motions that were pending during those periods. Dkt. No. 1235 at 16-19.

**LEGAL STANDARD**

The Speedy Trial Act dictates that a defendant must be brought to trial within 70 days of indictment or his initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1); *United States v. Hoslett*, 998 F.2d 648, 653 (9th Cir. 1993). "If a defendant's trial does not begin within the requisite time period and the defendant moves for dismissal prior to trial, the court must dismiss the indictment." *United States v. Messer*, 197 F.3d 330, 336 (9th Cir. 1999)(citing 18 U.S.C. § 3161(a)(2)). There are, however, nine statutory exclusions of time calculated towards the 70 day period, 18 U.S.C. § 3161(h); *Hoslett*, 998 F.2d at 653, three of which are relevant here.

The first excludable category includes "[a]ny period of delay resulting from other proceedings concerning the defendant[.]" 18 U.S.C. § 3161(h)(1). This includes, but is not limited to:

> **(A)** delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
> **(B)** delay resulting from trial with respect to other charges against the defendant;
> **(C)** delay resulting from any interlocutory appeal;
> **(D)** delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

---

In 2015, the court excluded time from January 23 through April 3 (Dkt. No. 278), April 3 through June 4 (Dkt. No. 340), June 4 through August 20 (Dkt. No. 404), August 20 through October 15 (Dkt. No. 457), October 15 through December 17 (Dkt. No. 535), and December 17 through January 8, 2016 (Dkt. No. 742).

In 2016, the court excluded time from January 8 through January 22 (Dkt. No. 796), January 22 through February 12 (Dkt. No. 829), February 16 through March 4 (Dkt. No. 883), March 4 through May 5 (Dkt. No. 912), May 6 through June 27 (Dkt. No. 1013), August 17 through November 9 (Dkt. No. 1062), and November 9 through January 11, 2017 (Dkt. No. 1097).

And in 2017, the court excluded time from March 27 through May 26 (Dkt. No. 1142).

3

> **(E)** delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;
> **(F)** delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;
> **(G)** delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and
> **(H)** delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C. § 3161(h)(1).

A second excludable category of time entails "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).

The third relevant category is the so-called "ends of justice" exclusion:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). The Act lays out several non-exhaustive factors for a judge to consider in determining whether to grant a continuance under this section:

> **(i)** Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> **(ii)** Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> **(iii)** Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are

unusual or complex.
**(iv)** Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

## DISCUSSION

Elmore argues that "there is no basis or combination of bases on which to exclude – as to Mr. Elmore – more than 1,169 of the 1,239 days that have passed since his initial appearance." Elmore's Mot. to Dismiss Pursuant to Speedy Trial Act at 6 ("MTD")(Dkt. No. 1222). He specifically challenges five exclusions that he contends are not excludable as to him:

- December 17, 2015 to January 8, 2016 (22 days): "Complex litigation/pending interlocutory appeal" (Dkt. 742)
- May 6, 2016 to June 27, 2016 (52 days): "Complex litigation, pending interlocutory appeal" (Dkt. 1013)
- August 17, 2016 to November 9, 2016 (84 days): "Pending interlocutory appeals" (Dkt. 1062)
- November 9, 2016 to January 11, 2017 (63 days): "Complex litigation and pending appeal" (Dkt. 1097)
- March 27, 2017 to May 26, 2017 (60 days): "Complex litigation, pending motions and interlocutory appeal" (Dkt. 1142)

MTD at 13. He also argues that three "periods of time are not excludable because the Court made no finding of excludability" and no justification excluding the time exists. *Id.*

- June 28, 2016 to August 16, 2016 (49 days)
- January 12, 2017 to March 27, 2017 (74 days)
- May 27, 2017 to present (53 days)

*Id.*[2]

The government responds that these periods of time are properly excluded for several reasons: through the Court's finding that this case is complex, through the filing of pretrial motions that concern the defendant, and through the pendency of motions and interlocutory

---

[2] I assume that Elmore is not asserting any additional delay in light of his successful motion to sever his case from Heard, which he knew would necessitate a delay of his trial until May, 2018 (if the remaining interlocutory appeals are resolved by then) with the second group. If he is, this Order explains the complexity of this case, the reasons that the second group has been set for trial in May, 2018, and the obvious relevance of Heard's involvement with Elmore in the alleged double murder.

5

appeals concerning co-defendants.

## I. EXCLUSIONS FOR COMPLEXITY

"[A] district court may grant an 'ends of justice' continuance only if it satisfies two requirements: (1) the continuance is specifically limited in time; and (2) it is justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Clymer*, 25 F.3d 824, 828 (9th Cir. 1994)(alterations and internal quotation marks omitted).

Elmore argues that all exclusions, with the possible exception of the first one, justified by this case's complexity are improper because they did not "explain when the case's complexity would terminate for Speedy Trial Act purposes[,]" nor were they "justified with reference to the facts as of the time [those] delay[s] [were] ordered." He insists that "it is not enough to set an end date for a particular complexity exclusion," rather, "the court must also expressly consider whether the conditions that render the case complex continue to obtain, and terminate the exclusion as soon as they do not." Reply at 8.

The exclusions justified by this case's complexity were "specifically limited in time," as required. Each minute order summarized the issues discussed at the particular hearing, clearly documenting and demonstrating the ongoing complexity of the case and the facts that justified a finding of complexity. *See, e.g.*, Dkt. Nos. 742 (12/17/15 Criminal Minutes), 1013 (5/6/16 Criminal Minutes); 1097 (11/9/16 Criminal Minutes). Elmore's contention that "[t]here was no basis for those exclusions at the time they were made" is untrue and relies, at best, on form over substance.[3] The basis for the overall exclusion and individual exclusions existed and was properly documented, even if the individual minutes did not directly tie the complexity finding to the preceding discussion of the issues or the overall case schedule.[4] For this reason, four of the first

---

[3] As does his argument that "[a] clerk's description of events at a status conference does not fulfill this [ends of justice] requirement." Reply at 9.

[4] He also takes issue with at least one occasion, where I omitted an oral finding of excludable time, but referenced it in the minute order of the proceeding. *See* Reply at 7 n.4. But the statute states, that "[n]o such period of delay … shall be excludable under this subsection unless the court sets forth, in the record of the case, *either orally or in writing*, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(emphasis added).

6

five time periods challenged by Elmore were properly excluded for complexity by the individual minutes and the fifth is excluded by, among other reasons, Elmore's own pending motion.[5]

Moreover, the trial dates set in this case, at the earliest opportunities given defense counsels' availability (and the pendency of interlocutory appeals), limited in time the exclusions for complexity. Unless I granted many separate trials for the defendants who are charged together in this RICO enterprise, there was no way to get this case to trial sooner. Many separate trials would have wreaked havoc on judicial economy and exacerbated the legitimate security concerns the government has for the witnesses in this case. The ends of justice undoubtedly support the exclusion of time.

## II. ELMORE'S JOINDER WITH OTHER DEFENDANTS

The Speedy Trial Act also excludes "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6); *see also United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993)("Every circuit to consider this section has concluded that 'an exclusion to one defendant applies to all co-defendants.'"). The Ninth Circuit has adopted the approach that "[t]he reasonableness of delay can be measured in reference to (a) 'the totality of the circumstances prior to trial,' or (b) the actual prejudice suffered by the appellant as a result of the [§ 3161(h)(6)] exclusion." *United States v. Messer*, 197 F.3d 330, 337 (9th Cir. 1999). But the court may consider additional factors. *Id.* at 338. The *Messer* court also noted that "a delay could be so long as to be per se unreasonable." *Id.* at 338 n.8. "In sum, the proper test is whether the totality of the circumstances warrants a conclusion that the delay was unreasonable." *Id.*

Elmore relies on *Messer* to insist that the joinder-based delay in his case is not reasonable and cannot provide a basis for excluding time under the Speedy Trial Act. He argues that any exclusion based on interlocutory appeals and/or pending motions "did not relate to [him]" and "thus was permissible only for a 'reasonable period.'" MTD at 10. He contends,

---

[5] The government also notes that Elmore's own motion was pending between August 16, 2016 (the filing date), and January 5, 2017 (the date the Ninth Circuit issued the mandate affirming my Order). This nullifies all but eight days under two of the time periods Elmore challenged as not excludable as to him.

> Depending on whether one counts from the day the first appeal was filed (September 30, 2015); the day Mr. Elmore first objected to delay occasioned by the appeal (November 23, 2015); the day the Court first excluded time because of the appeal (December 17, 2015); or the day Mr. Elmore filed a formal motion requesting bail or severance (August 16, 2016), the delay ranges from more than eleven months to nearly 22 months.

*Id*. He also states that only the first interlocutory appeal affected him, and it was definitively resolved by the mandate issued on February 22, 2017 (Dkt. No. 1123). He separately analyzes the delay caused by the interlocutory appeal and the delay based on his joinder with other defendants whose pre-trial motions were (and are) still pending and concludes that both "[w]hether alone or in combination" these delays were (and are) unreasonable and cannot be excluded from time calculated under the Speedy Trial Act. *Id*. at 13. He also cites his requests for severance and his pretrial incarceration as additional considerations supporting the prejudice he has suffered. *Id*. at 10.

While I understand Elmore's strategic attempts to distance himself from his co-defendants and their respective pretrial motions, he cannot legitimately argue that none of those motions "concern" him. An example of how a co-defendant's motion "concerns" him is apparent when considering the disposition of Heard's motion to exclude DNA evidence under *Daubert*. Heard first joined defendant Gordon's motion to exclude DNA test results on December 1, 2015. Dkt. No. 638. Due to delays caused primarily by the availability of defense counsel, the *Daubert* hearing took place in May of 2017. Dkt. Nos. 1179, 1183. Following post-hearing briefing and argument, I issued an order on July 21, 2017, granting Heard's motion to suppress the DNA evidence. Dkt. No. 1225; *see also* Dkt. No. 1252 (Order on Admissibility of DNA Evidence). The evidence at issue included conclusions that involved Elmore, so he subsequently moved to exclude such evidence. Dkt. No. 1258. As a result of Heard's motion, that evidence will not be admitted at trial against Elmore. This justifies excluding time between December 1, 2015 and July 21, 2017, which subsumes all of the periods challenged by Elmore. *See Butz*, 982 F.2d at 1381 ("[A]n exclusion to one defendant applies to all co-defendants."); *United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999)("In undertaking such [reasonableness] analyses, courts look particularly to 'whether the delay was necessary to achieve its purpose' and to whether there was

8

any 'actual prejudice suffered by the appellant.'").[6]

## III. PRETRIAL MOTIONS "CONCERNING" ELMORE

The government also asserts that its initial set of motions in limine, filed on April 8, 2016, automatically tolled the Speedy Trial Clock under 18 U.S.C. § 3161(h)(1)(D), which provides that time should be excluded for "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *See* Opp'n at 3 (Dkt. No. 1235). It contends that its motions in limine directly affect Elmore because they dictate how it will try its case against him.[7] Because the status of the case remained uncertain for so long, those motions remained pending at the time the parties' briefed Elmore's motion to dismiss. Subsequently, the government and the defendants set for the first trial group filed new motions in limine, on which I have since ruled. Dkt. No. 1343. Nevertheless, the issue of whether those initial motions in limine tolled the Speedy Trial clock is still relevant to this discussion.

The government cites *United States v. Tinklenberg*, 563 U.S. 647 (2011), for the proposition that "the filing of a pretrial motion falls within this provision [18 U.S.C. § 3161(h)(1)(D)] irrespective of whether it actually causes, or is expected to cause, delay in starting a trial." *Id*. at 650. *Tinklenberg* supports the government's position that the clock was automatically tolled between the filing of its initial motions in limine on April 8, 2016, and the recent disposition of their "new" motions in limine on September 28, 2017. As with the DNA motion, this "automatic" exclusion likewise encompasses the three periods of time challenged by Elmore as not excludable because the Court made no finding of excludability.

Even if the clock was not automatically stopped by the government's initial motions in

---

[6] And after Heard's unsuccessful *Daubert* motion to exclude a second DNA test, Elmore moved to sever from Heard because Heard will be an important witness when Elmore is tried. But the facts that Elmore seeks to induce from Heard have been known to Elmore throughout the pendency of this case, undercutting Elmore's argument that the joinder-based delay is not reasonable.

[7] Elmore points out that he was not initially part of the first trial group and did not participate in that round of motions in limine briefing, so it "strains credulity" that those motions could "concern" him. Reply at 3. Of course, he is now part of that group because he moved to sever his case from Heard's.

limine, the "totality of the circumstances" justifies the reasonableness of this length of time based on judicial economy and prudential considerations. It simply would not make sense to separately try this RICO conspiracy against each of the defendants. The issues that affect one, more often than not, affect many. After much delay, we are now on the eve of trying the first group, of which Elmore would have been a part except that I recently granted his motion for severance from co-defendant Heard. Elmore will now be proceeding to trial with the second group, scheduled for May 2018. While his pretrial detention has been long under any standard, it is not unreasonably so in light of the complexity and litigation of this case, and does not amount to a violation of the Speedy Trial Act.

## CONCLUSION

Elmore's motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: October 30, 2017

William H. Orrick
United States District Judge