UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REGINALD ELMORE,<br><br>Defendant. | Case No. 13-cr-00764-WHO-6<br><br>**ORDER DENYING COMPASSIONATE RELEASE MOTION** |

Briefing is finally complete on defendant Reginald Elmore's motion for compassionate relief. He initially filed his motion on March 12, 2021, focusing on the impact of the outbreak of COVID-19 at United States Penitentiary Atwater ("Atwater") and his high blood pressure and obesity. Dkt. No. 2449. I appointed counsel on April 7, 2021, Dkt. No. 2450, who filed a supplemental memorandum on November 3, 2022. Dkt. No. 2528. That memorandum addressed additional issues, including that the sentence for Elmore was too long, that it did not serve the public interest, and that racial disparities in incarceration and Elmore's youth at the time of the offense are mitigating factors that support a reduced sentence.

To reduce a sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), I must consider three criteria. *See United States v Wright*, 46 F. 4th 938, 944-45 (9th Cir. 2022). I must find that "extraordinary and compelling reasons warrant" a sentence reduction. I must evaluate whether a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1] And I must weigh the factors set forth in 18 U.S.C. § 3553(a). All three

---

[1] No party argued that any policy statement by the Sentencing Commission supported their position, so I do not discuss that criterion in this Order.

predicates are necessary. *Id.*

Turning first to whether there is an extraordinary and compelling reason to grant Elmore's motion, I find that there is not.[2] His medical impairments are high blood pressure and obesity. Neither appears to be life-threatening, but I will assume for purposes of this motion that the combination of them puts him at higher risk than the general population to catch COVID-19, and that living in a congregate setting in prison increases that risk in a material way.

That said, COVID-19 is on the wane at present. There are effective vaccines and treatments available today that were not when COVID -19 first arose. There are no COVID-19 cases at Atwater currently. Gov't Opp., Dkt. No. 2531 at 7. Assuming that there had been significant outbreaks at Atwater during the last three years, Elmore does not suggest that they impacted him medically.

As I wrote concerning his co-defendant Alfonso Williams's similar motion, Dkt. No. 2471, Elmore's request is undermined by his choice not to get vaccinated. The vaccines have been effective in addressing COVID-19. We continue to learn more about COVID-19, its variants, and the effectiveness of various vaccines, but it is indisputable that getting the vaccine provides greater protection for the individual and those who come into contact with him than remaining unvaccinated. If Elmore got vaccinated he would be substantially protected from the purportedly extraordinary and compelling medical reason for which he seeks release. And if he remained unvaccinated and I granted his motion to return to San Francisco, there would be a greater chance that he could contract COVID-19, and even if he is asymptomatic, he could pass the disease on to the people he cares about most, his family. I do not hold that compassionate release cannot be granted to an inmate who refuses the

---

[2] The government asserts that Elmore has not exhausted administrative remedies, stating that no record of exhaustion exists in the Bureau of Prisons. Gov't Opp., Dkt. No. 2531 at 4-5. Elmore attaches a copy of the appropriate Bureau of Prisons form he used, says that he delivered it in the course of ordinary prison procedure, and argues that he cannot be held responsible if it got lost. Elmore Decl., Dkt. No. 2535. For purposes of this motion, I agree. This motion languished for twenty months before it was fully briefed; the government certainly knew about and had the opportunity to consider his request. In light of all the circumstances I will proceed to the merits of this motion.

vaccine. But Elmore's refusal to be vaccinated, like Williams's, cannot assist him in getting released early.

Elmore's supplemental memorandum argues that a reduction in sentence is warranted as a result of the 18 U.S.C. § 3553(a) factors and asserts that they also impact the assessment of whether there are extraordinary and compelling reasons to grant the motion for compassionate release. He makes several arguments, most of which I referenced directly at sentencing and all of which I thought about at the time. *See* Sentencing Transcript, Dkt. No. 2195, which I incorporate by reference in this Order.

Elmore states that he was 19 at the time of the offense (which is not quite accurate, as he was a member of the Central Divisadero Playas ("CDP") gang over a number of years), is 33 now, and will be 44 at his projected release date. He argues that research has shown that lengthy sentences do not serve the public interest, taking a heavy toll on families and communities in a variety of ways. He was young when he committed these crimes, and his youth should serve as a mitigating factor. Racial disparities in sentencing and community development should also weigh in favor of a sentence reduction; he points out that systemic and institutionalized racism have deeply impacted Black communities, including the Western Addition neighborhood of San Francisco where Elmore grew up that was home to CDP and many other gangs. Also importantly, Elmore is continuing to demonstrate a commitment to rehabilitation, spiritually and through education and personal development. He has strong family and community support.

I agree with some of Elmore's sentiments, but his motion misses two fundamental points. First, compassionate release is a "narrow remedy." *United States v Wright* at 944-45. I do not have the authority to resentence Elmore based on the policy arguments that he makes and that I already considered. His health condition is less severe than many defendants, his health is not currently threatened, and any such threat could be ameliorated by getting vaccinated. Considering all of Elmore's arguments in combination, they do not rise to the level of "extraordinary and compelling."

Second, Elmore ignores the context of this case. That context is the CDP conspiracy

3

1  to which he pleaded guilty, involving a violent street gang whose criminal purpose included
2  murdering rival gang members and others who disrespected them, drug dealing, pimping,
3  robbery, and other crimes. Elmore may have been young at the time of the double murder but
4  he was repeatedly involved in serious criminal activity (including the funeral shooting
5  described at sentencing) until he was jailed in 2013, amassing a Criminal History of VI by the
6  age of 23. He pleaded guilty to avoid the possibility of a sentence of life without the
7  possibility of parole, which would have been mandatory if the government was able to prove
8  his hotly contested involvement in the double murder of Andre Helton and Isaiah Turner.
9  Elmore agreed not to argue for a sentence of less than 20 years in exchange for the
10 government not seeking mandatory life. Sentencing Transcript at p. 49-50.

11 At sentencing, the government sought a sentence of 27 to 37 years, and probation
12 recommended 30 years. I arrived at the 22-year sentence, which is admittedly lengthy, after
13 carefully considering the 3553(a) factors. *See* Sentencing Transcript. I cited his youth, the
14 difficult circumstances of his childhood, and his efforts at rehabilitation, among other things,
15 in arriving at that sentence. But in light of the continual harm he had caused in his
16 community and to the public, and in order to protect the public from future crime, to show
17 respect for the law, to provide just punishment, and in consideration of all the other 3553(a)
18 factors, including avoiding disparities in sentencing, 22 years was a just sentence. And, after
19 reconsidering the 3553(a) factors again for this motion, I weigh them the same way. Serving
20 the sentence I imposed will result in a sufficient, but not greater than necessary, amount of
21 time in custody for Elmore to satisfy the purposes of sentencing. Early release is not
22 warranted.

23 Accordingly, I deny Elmore's motion for compassionate release. As I said at
24 sentencing, I look forward to hearing about all of the positive things that he has done in prison

4

and does once he has served his sentence.

**IT IS SO ORDERED.**

Dated: February 15, 2023



William H. Orrick
United States District Judge